UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE WAYNE MORRIS<br><br>Petitioner,<br><br>v.<br><br>SIERRA COUNTY CLERKS OFFICE AND MEGAN'S LAW LIST,<br><br>Respondents. | Case No.  2:24-cv-1905-JDP (P)<br><br>ORDER |

Petitioner, a state prisoner, brings this action under section 2254.  ECF No. 1.  The petition is deficient because it does not identify any cognizable federal habeas claim, it appears to be both unexhausted and untimely.  I will dismiss the current petition and give petitioner an opportunity to amend and to explain why this action should proceed.  I will also grant petitioner's second application to proceed *in forma pauperis*, ECF No. 6, and deny his first, ECF No. 2, as moot.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

1

Petitioner claims that the underlying conviction he is challenging was finalized in 1987. ECF No. 1 at 2. He alleges that his sentence was changed in 2007 when the county imposed an illegal five-year sentence enhancement. *Id.* at 3. Since then, petitioner claims, he has been to court multiple times to get "supporting court papers," but none can be found, and proceedings are ongoing. *Id.* This claim is flawed for three reasons. First, it is too vague to support a federal habeas claim; I cannot tell how, if at all, petitioner's conviction is alleged to violate federal law. Second, the state proceedings appear ongoing and, thus, unexhausted and not ripe for federal consideration.[1] Third, to the extent that petitioner is challenging either the original conviction or the 2007 change, he appears to be raising his claim well past the one-year statute of limitations established by the Anti-Terrorism and Effective Death Penalty Act.

Rather than recommend immediate dismissal, I will permit petitioner to amend his petition and better explain the nature of his claims and why they should proceed. If petitioner fails to amend within thirty days, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Petitioner's second application to proceed *in forma pauperis*, ECF No. 6, is GRANTED and his first, ECF No. 2, is DENIED as moot.

2. The petition, ECF No. 1, is DISMISSED.

3. Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send petitioner a habeas petition form with this order.

---

[1] Petitioner claims that he has presented this claim to the California Supreme Court, but his own allegations indicate that, as of the time of filing, proceedings are ongoing in the Sierra County Superior Court. ECF No. 1 at 3, 5.

IT IS SO ORDERED.

Dated: __November 20, 2024__                    _____
                                                JEREMY D. PETERSON
                                                UNITED STATES MAGISTRATE JUDGE