UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE WAYNE MORRIS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SIERRA COUNTY CLERKS OFFICE, et al.,<br><br>　　　　　Respondents. | No.  2:24-cv-01905-DAD-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION<br><br>(Doc. Nos. 12, 13) |

Petitioner Bruce Wayne Morris is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 11, 2024, petitioner filed the petition initiating this action.  (Doc. No. 1.)  On November 20, 2024, the assigned magistrate judge conducted a preliminary review of petitioner's petition and noted that it was "too vague to support a federal habeas claim" and that petitioner's claims appeared to be "unexhausted and not ripe for federal consideration."  (Doc. No. 10 at 2.)  On December 16, 2024, plaintiff filed a response in which he conceded that he had filed his petition "prematurely," (Doc. No. 11) along with a first amended petition form which was largely blank (Doc. No. 12).

/////

1    Accordingly, on March 4, 2025, the magistrate judge issued findings and
2 recommendations recommending that this action be dismissed without prejudice "so that
3 petitioner may, if he chooses, bring his claims in a new habeas petition once he has exhausted
4 them completely in state court." (Doc. No. 13 at 2.)  The findings and recommendations were
5 served upon petitioner and contained notice that any objections thereto were to be filed within
6 fourteen (14) days after service.  (*Id*.)  To date, petitioner has not filed any objections and the time
7 in which to do so has passed.

8    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
9 *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the
10 pending findings and recommendations are supported by the record and proper analysis.

11    Having concluded that the pending petition must be dismissed, the court also declines to
12 issue a certificate of appealability.  A petitioner seeking writ of habeas corpus has no absolute
13 right to appeal; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v.*
14 *Cockrell*, 537 U.S. 322, 335–36 (2003).  If a court denies a petitioner's petition, the court may
15 only issue a certificate of appealability when a petitioner makes a substantial showing of the
16 denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Where, as here, the court denies habeas
17 relief on procedural grounds without reaching the underlying constitutional claims, the court
18 should issue a certificate of appealability if "jurists of reason would find it debatable whether the
19 petition states a valid claim of the denial of a constitutional right and that jurists of reason would
20 find it debatable whether the district court was correct in its procedural ruling."  *Slack v.*
21 *McDaniel*, 529 U.S. 473, 484 (2000).  In the present case, the court finds that reasonable jurists
22 would not find the court's determination that the pending petition must be dismissed to be
23 debatable or wrong.  Thus, the court declines to issue a certificate of appealability.

24    Accordingly,
25    1.   The findings and recommendations issued on March 4, 2025 (Doc. No. 13) are
26         ADOPTED in full;
27    2.   Petitioner's first amended petition for writ of habeas corpus (Doc. No. 12) is
28         DISMISSED, without prejudice;

3. The court DECLINES to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and

4. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: __May 19, 2025__  

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3